UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLORIDA LEGAL SERVICES, INC. )
3000 Biscayne Blvd suite 450 )
Miami, FL. 33137, )
     Plaintiff, )
       )
   v. )  Civil Action No. _____
       )
U.S. DEPARTMENT OF HOMELAND )
SECURITY )
Washington, D.C. 20528, )
       )
     Defendant. )
       )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Through this action, brought under the Freedom of Information Act ("FOIA"),
5 U.S.C. § 552, Plaintiff Florida Legal Services ("FLS") seeks access to critical government
records relating to the provision of assistance to people displaced, since 2004, by hurricanes and
flooding in the Southeastern United States in the possession of Defendant Department of
Homeland Security ("DHS") and one of its units, the Federal Emergency Management Agency
("FEMA"). The records requested by FLS will provide crucial public understanding of FEMA's
housing assistance programs available to hurricane and flood victims, FEMA's procedures for
terminating housing assistance, and the public's rights of notice and appeal of termination of
FEMA housing assistance. DHS has failed to provide the requested records despite the mandates
of FOIA, necessitating the filing of this Complaint.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action and personal
jurisdiction over the parties under 28 U.S.C. § 1331 and 5 U.S.C. § 552 (a)(4)(B). Venue is
proper in this Court under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.      Plaintiff FLS is a non-profit public interest law firm whose mission is providing legal assistance to the disadvantaged and indigent in Florida.  FLS was formed by the Florida Bar in 1973 to mobilize information and resources and to distribute such resources in collaboration with more than twenty-five other legal aid organizations throughout the state.  FLS provides legislative and administrative advocacy, litigation, and policy analysis.  One of FLS's primary roles is the provision of educational and technical information to the advocates that serve the impoverished community.

4.      Defendant DHS is an agency of the federal government of the United States located in Washington, D.C.  FEMA is a part of DHS, and is responsible for managing the federal response and recovery efforts following any national incidents, including the federal efforts in response to natural disasters such as the Gulf Coast hurricanes of 2004 and 2005.  FEMA has possession of and control over the records FLS seeks.

**STATEMENT OF FACTS**

5.      On May 4, 2006, FLS requested FEMA records dated from 2004 to the present related to FEMA policies, guidelines, and practices for the provision of housing assistance to victims of hurricanes and flooding in the Southeastern U.S., and FEMA's template or standard forms used for the termination of such housing assistance.[1]  FLS requested these records to remedy the public's lack of understanding of FEMA's management of emergency and low-income housing support in the wake of the Gulf Coast hurricanes, the procedures through which FEMA terminates such support, and any rights of appeal the public has to FEMA housing termination procedures.  In its letter, FLS requested that all fees associated with the request be waived because disclosure of the requested records is likely to contribute significantly to public understanding of FEMA's response to recent natural disasters and is not in FLS's commercial interest.

---

[1] *See* May 4, 2006 letter from V. Greenfield and C. Huddleston to FEMA, attached hereto as Exhibit 1.

6.     By letter dated May 11, 2006, FEMA acknowledged receipt of FLS's FOIA request.[2]  In that letter, FEMA denied all of FLS's requests.  FEMA stated that FLS's request for waiver of fees "did not establish how provision of the subject records to you at public expense would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding." Ex. 2 at 2.  FEMA also stated that FLS had failed to establish both an ability and intent to distribute effectively the requested information. *Id.*

7.     By letter dated June 16, 2006, FLS made a new request for FEMA records since 2004 related to the guidelines, procedures, and written instruments used by FEMA to provide and terminate housing assistance to victims of hurricanes and flooding in the Southeastern U.S.[3]  FLS requested policy memoranda, field guidelines, instructions, forms, and templates used in the course of terminating housing support.  FLS requested these records because of significant gaps in the public's understanding of how and under what circumstances FEMA terminates government-assisted housing to natural disaster victims.  FLS explained in its letter that the requested records would provide the public with a better understanding of the "policies, procedures, and processes FEMA employs to terminate leases," "how much advance notice is provided," and "what appeal rights the public has" when FEMA terminates housing support. Ex. 3 at 3.  FLS requested that all costs associated with the request be waived because disclosure of the requested records is likely to contribute significantly to public understanding of FEMA's response to recent natural disasters and is not in FLS's commercial interest.

8.     By letter dated June 23, 2006, FEMA acknowledged receipt of FLS's letter and denied all of FLS's requests.[4]  This letter is identical in wording to the May 11, 2006 denial letter sent in response to FLS's May 4, 2006 records request under FOIA.  In the letter, FEMA denied FLS's request for a fee waiver, explaining that FLS's request "did not establish how the

---

[2] *See* May 11, 2006 letter from J. Ovall to V. Greenfield and C. Huddleston, attached hereto as Exhibit 2.
[3] *See* June 16, 2006 letter from V. Greenfield and C. Huddleston, attached hereto as Exhibit 3.
[4] *See* June 23, 2006 letter from J. Ovall to V. Greenfield and C. Huddleston, attached hereto as Exhibit 4.

provision of the subject records to you at public expense would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding." Ex. 4 at 2.  FEMA further stated that FLS had failed to establish "both an ability and intent to effectively distribute the requested information to the general public."  *Id.*  FEMA stated that FLS was responsible for paying search, review, and duplication fees associated with the request, because FEMA had determined FLS to be a commercial use requester.  *Id.*  FEMA did not respond directly to FLS's request for records in this letter, but recommended that FLS narrow the scope of its request in order to reduce the fees, which FEMA estimated likely would exceed $250.  *Id.* at 2-3.

9.      By letter dated August 17, 2006, FLS appealed FEMA's response to its FOIA request.[5]  In response to FEMA's refusal to grant a fee waiver based on FLS's alleged failure to establish the public's need for the requested information, FLS stated that the "general public is currently unaware of the policies, procedures, and processes FEMA employs to terminate its leases," which has "caused a great deal of confusion as individuals currently residing in FEMA housing look to move to more permanent housing."  Ex. 5 at 1.  FLS explained that the public does not know what sort of notice of termination of housing assistance FEMA provides, the appeal rights of persons whose housing is or will be terminated, and what appeal forums and processes are available to contest termination of FEMA housing support.  *See* Ex. 5 at 1.  Due to the public's lack of adequate information concerning these issues, FLS explained, "individuals do not understand the processes they must follow to avoid a termination of their FEMA housing, but even worse, they feel threatened by the unfamiliar bureaucracy and procedures."  Ex. 5 at 1.  FLS stated that its goal in obtaining the requested records was to "ensure that the public – in particular the undereducated, elderly, disabled and others who face extra barriers to understanding relatively complex procedures – becomes more knowledgeable about these processes so as to more effectively use the assistance provided to them."  Ex. 5 at 2.  FLS

---

[5] *See* August 17, 2006 letter from V. Greenfield and C. Huddleston to FEMA, attached hereto as Exhibit 5.

explained that because the general public has virtually no knowledge of FEMA's housing assistance termination procedures, FLS's use of the requested records will significantly increase public understanding. *See* Ex. 5 at 2.

10.    In its appeal letter, FLS also asserted that FEMA was wrong to deny the request for fee waiver on the grounds that FLS failed to establish an ability and intent to effectively distribute the requested information to the public. *See* Ex. 5 at 1. To the contrary, in its initial June 16, 2006 request, which it attached to its appeal letter, FLS explained in detail its intent and ability to distribute the requested information to the public. In its appeal, FLS reiterated that it intends to disseminate the information sought to the legal services community throughout Florida, which in turn will disseminate that information to its client constituency. *See* Ex. 5 at 2. FLS also intends to distribute the requested information through at least two electronic list serves, which in total reach approximately thirty different civil legal assistance and social service organizations serving victims of natural disasters and persons living in government subsidized shelters or housing. *See* Ex. 3 at 3; *see also* Ex. 5 at 1. Other legal aid organizations serving areas affected by natural disasters will produce community education materials and offer disaster preparedness seminars based on information and publications originally produced by FLS. *Id.* FLS also stated that FEMA housing information gleaned from the requested records would be made available to the general public through its two Web sites. *See* Ex. 3 at 3.

11.    FLS's appeal also disputed FEMA's categorization of FLS as a commercial requester. FLS reiterated that its interest in the requested information is strictly non-commercial, that it does not intend to re-sell the information, and that it will receive no personal or commercial benefit from the disclosure of the information to the public. *See* Ex. 5 at 2.

12.    By letter dated August 28, 2006, DHS acknowledged receipt of FLS's appeal of the agency's denial of a fee waiver, and assigned it an appeal number. DHS also explained that there were a number of FOIA appeals ahead of FLS's and warned there would be a delay in

adjudicating the matter.[6] This was the last correspondence received from FEMA or DHS regarding FLS's request for records under FOIA.

13.    Under 5 U.S.C. § 552(a)(6)(A), Defendant had 20 working days to respond to FLS's FOIA request and 20 days to respond to its FOIA appeal. More than 20 days have passed since FLS's June 16, 2006 FOIA request and its August 17, 2006 appeal letter. Four hundred forty-five days have passed since FLS submitted its original FOIA request to DHS, yet FLS has received neither a grant of its request for waiver of fees associated with the FOIA request nor any records from FEMA.

14.    FLS is therefore deemed to have exhausted its administrative remedies under FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i).

---

[6] *See* August 28, 2006 letter from Erica G. Perel, Office of General Counsel, DHS to V. Greenfield, attached hereto as Exhibit 6.

## CLAIMS FOR RELIEF

### COUNT I

### FAILURE TO PRODUCE RECORDS

15.    FLS repeats the allegations set forth above as if stated fully herein.

16.    FLS properly requested the records described above from Defendant DHS.

17.    Those records were under the custody and/or control of Defendant DHS.

18.    Defendant DHS did not produce the records, nor did it assert any statutory exemptions to production.

19.    Defendant DHS violated its duty to produce its records in response to FLS's proper FOIA request.

### COUNT II

### FAILURE TO WAIVE FEES

20.    FLS repeats the allegations set forth above as if stated fully herein.

21.    On June 16, 2006, FLS asked DHS to waive any fees related to its FOIA request because the use of the records sought is in the public interest and is likely to contribute significantly to public understanding of FEMA's housing support termination procedures, and the information sought is not primarily in FLS's commercial interest.

22.    DHS denied FLS's request for a waiver of fees, in violation of FOIA.

### COUNT III

### FAILURE TO RESPOND TO APPEAL

23.    FLS repeats the allegations set forth above as if stated fully herein.

24.    On August 17, 2006, FLS appealed DHS's improper denial of its FOIA request and its request for the waiver of fees.

25.    As of the date of the filing of this Complaint, DHS has not responded to FLS's appeal, in violation of FOIA.

## REQUEST FOR RELIEF

WHEREFORE, FLS respectfully requests that this Court:

A)  Declare that Defendant's failure to disclose the records requested by FLS is unlawful under FOIA;

B)  Declare that Defendant's failure to waive the fees associated with FLS's FOIA request is unlawful under FOIA;

C)  Declare that the Defendant's failure to respond to FLS's appeal is unlawful under FOIA;

D)  Order Defendant to begin processing FLS's FOIA request immediately, on a schedule set forth by this Court, and to make the requested records available to FLS without any charge;

F)  Award FLS its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

G)  Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

FLORIDA LEGAL SERVICES, INC.
By Counsel

MORRISON & FOERSTER LLP

Robert H. Loeffler (D.C. Bar No. 123372)
Alison A. Minea (not admitted in DC)
2000 Pennsylvania Avenue, N.W., Suite 5500
Washington, D.C. 20006
Main: 202.887.1500
Fax: 202.887.0763

and

John A. Trocki III (not admitted in DC)
1650 Tysons Boulevard, Suite 300
McLean, Virginia 22102
Main: 703.760.7700
Fax: 703.760.7777

# Complaint Exhibit 1

**FLORIDA LEGAL SERVICES, INC.**
**MIAMI ADVOCACY OFFICE**
3000 Biscayne Boulevard, Suite 450
Miami, Florida 33137
Telephone: 305-573-0092
Fax: 305-576-9664

VALORY GREENFIELD
MIRIAM HARMATZ                                            KENT R. SPUHLER
ARTHUR J. ROSENBERG                                             DIRECTOR
CHARLES F. ELSESSER
CULLIN O'BRIEN
        ATTORNEYS

VIA CERTIFIED MAIL RRR

May 4, 2006

Headquarters Freedom of Information Act Officer
Federal Emergency Management Agency
500 C Street, S.W.
Washington D.C. 20472

and

Regional Freedom of Information Act Officer
Federal Emergency Management Agency, Region IV
1371 Peachtree Street, N.E., 7th floor
Atlanta, GA 30309

In re:    Freedom of Information Act Request

Dear FEMA Freedom of Information Act Officer(s):

Please provide the undersigned requester, Florida Legal Services, Inc., a copy of the below listed documents. For purposes of this request the terms "housing" or "premises" includes trailers, manufactured homes, hotel or motel rooms, and/or shelter space, and the term "termination" includes pre-termination preparatory, notification, or warning activities such as phone calls, personal visits, or meetings

1.    All national and regional policy memoranda, field guidelines, written instructions, electronic messages or memos, applicant guides, or the like, concerning the termination of housing provided by FEMA to victims of national disasters.

2.    Template or standard forms for the following documents: demand letter to surrender leased premises; notice of eviction from leased premises; legal complaint or administrative petition seeking eviction from leased premises; forms, letters, or notices advising individuals in advance of actual eviction proceedings or warning individuals to prepare for leaving their leased premises.

3.    Any documents describing how FEMA creates housing termination guidances, memoranda, policies, instructions, including but not limited to notices and announcements published in the Federal Register.

4.   Any documents describing how FEMA creates standard or template housing termination forms such as, but not limited to: demand letters to surrender leased premises; notice of eviction from leased premises; legal complaint or administrative petition seeking eviction from leased premises; and forms, letters, or notices advising individuals in advance of actual eviction proceedings or warning individuals to prepare for leaving their leased premises.

5.   The documents sought and described in numbers #1 through #4 above are only those that applied to the 2004 and 2005 national disasters, those that apply or are intended to apply to 2006 national disasters, and any drafted or created, albeit not yet implemented, in anticipation of future national disasters.

6.   With respect to the documents identified in numbers #1 through #5 above, we request citations to Federal Register publication numbers or Government Printing Office document numbers for the foregoing documents, if any.

Pursuant to 6 C.F.R. 5.11(k) and 44 C.F.R. 5.43, the undersigned requester seeks a waiver and/or reduction of any fees associated with this request. As justification for the fee waiver/reduction, the undersigned requester states as follows:

A.   The undersigned requester, Florida Legal Services, Inc., is a non-profit corporation which was formed in 1972 by The Florida Bar to act as a statewide focal point to expand the availability of legal assistance to the poor in Florida. FLS is a statewide, public interest law firm which supports the legal needs of poor people through legislative and administrative advocacy, impact litigation, policy analysis, training, and technical support including individual and group consultations as well as publication and dissemination of educational material. We confer and collaborate with more than twenty-five legal aid and legal services organizations throughout Florida who provide help to individuals seeking public assistance.

B.   Among our roles is the provision of educational and technical information to the advocates who serve the poverty community. We have over 30 years of expertise and experience in fulfilling this role. And consistent with the foregoing, FLS intends to disseminate the information sought to the legal services community throughout the state which will, in turn, disseminate the information to its client constituency affected by national disasters. Our efforts will reach a reasonably broad audience.

C.   The release of the information to FLS will benefit the general public because it will contribute significantly to public understanding of the operations and activities of FEMA. Currently, the general public knows that FEMA can terminate leases. Leasing of temporary housing is a critical operation and activity of FEMA. Nevertheless, the general public is unaware of the policies, procedures, and processes FEMA employs to terminate these leases. For example, the public does not know what sort of notice of termination FEMA provides nor how much advance notice is provided. In addition, the public does not what appeal rights the public has nor what appeal forums and processes are available to contest termination. The right to notice and appeal are fundamental rights and the public has a compelling interest in how FEMA comports with notions of fairness and due process.

D.   FLS' interest in the information sought is non-commercial. FLS does not intend to re-sell the information nor will FLS receive any personal or commercial benefit from the disclosure of the information.

Please exercise your discretion to consider the cost-effectiveness of the investment of your administrative resources in the decision-making process concerning the granting of this fee waiver/reduction request.

Please notify us if the waiver/reduction is not granted. If the waiver/reduction is not granted, please additionally notify us in advance if the fees to be charged will be greater than $25.00. In any event, we understand that for a non-commercial use, the first 100 pages of duplication and the first two hours of search will be free of charge.

Thank you for your prompt attention to the above requests.

Sincerely,

VALORY GREENFIELD
CINDY HUDDLESTON
Staff Attorneys for
Florida Legal Services, Inc.



# Complaint Exhibit 2



U.S. Department of Homeland Security
500 C Street, SW
Washington, DC 20472

**FEMA**

May 11, 2006

Valory Greenfield
Cindy Huddleston
Florida Legal Services, Inc.
3000 Biscayne Boulevard, Suite 450
Miami, FL 33137

RE: Freedom of Information Act Request
    FOIA Case No.: 06-391

Dear Ms. Greenfield and Ms. Huddleston:

The U.S. Department of Homeland Security (DHS)/Federal Emergency Management
Agency (FEMA) acknowledges receipt of your Freedom of Information Act (FOIA)
request dated May 4, 2006. In your letter you requested a copy of the following records:

1) All national and regional policy memos, field guidelines, written instructions,
   electronic messages or memos, applicant guides, or the like, concerning the
   termination of housing provided by FEMA to victims of national disasters;
2) Template or standard forms for the following documents: demand letter to
   surrender leased premises; notice of eviction from leased premises; legal
   complain or administrative petition seeking eviction from leased premises; forms,
   letters, or notices advising individuals of actual eviction proceedings;
3) Any documents describing how FEMA creates housing termination guidance,
   memos, policies, including but not limited to notices and announcements
   published in the Federal Register;
4) Any documents describing how EMA creates standard housing termination forms
   such as demand letters to surrender leased premises, notice of eviction, etc;
5) Documents described in numbers 1 thru 4 above are only those that applied to the
   2004 and 2005 national disasters; and
6) With respect to the documents identified in 1 thru 5 above, request citations to
   Federal Register publication numbers of Government Printing Office document
   numbers for the foregoing documents, if any.

In addition to a request for records, you asked that we waive or reduce the fees incurred
for processing your request. The FOIA authorizes waiver of fees when it is determined
that such action is in the public interest because furnishing the information can be
considered as primarily benefiting the general public.

The Freedom of Information Reform Act of 1986 addresses the term "public interest" by including that fees should be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Public Law No. 99-570, section 1803, 100 Stat. 3207, 3207-50 (codified as amended at 5 U.S.C. section 552(a)(4)(A)(iii)(1994 & Supp. II 1996). In order to warrant a waiver or reduction of fees, the public understanding of the government operations or activities in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Your request for a fee waiver did not establish how provision of the subject records to you at public expense would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding.

Moreover, to receive a fee waiver, one must establish both an ability and intent to effectively distribute the requested information to the general public. Your request did not establish this ability or intent.

Consequently, your request for a fee waiver is denied.

You may appeal our determination to deny a fee waiver within 60 days from the date of this letter. Your appeal should include copies of your original request and this response, as well as a discussion of the reasons supporting your appeal. The envelope should be plainly marked to indicate that it contains a Freedom of Information Act appeal. If you decide to appeal, please send your appeal to:

> Freedom of Information Act/Privacy Act Appeals
> U.S. Department of Homeland Security
> 245 Murray Lane, SW, Building 410
> Washington, DC 20528

Each FOIA request must contain an agreement to pay certain costs for processing the records (6 CFR § 5.11). There are four categories of requesters: commercial use requesters; educational and non-commercial scientific institutions; representatives of the media; and all other requesters. Specific levels of fees are prescribed for each of these categories. We have determined that your request falls under the "commercial" category. Consequently, you will be responsible for search, review and duplication fees (see enclosed FOIA Fee Schedule).

In addition, the FOIA requires advance payment when estimated costs to process a request exceed $250. Because of the extremely broad scope of your request, we estimate it will exceed $250 for processing. I am writing to ask you to narrow the scope of your request in order to reduce your fees.

Please contact us should you wish to pursue your FOIA request absent a fee waiver and are willing to pay fees greater than $25, and most likely well over $250. You may want to consider narrowing the scope of your request so as to reduce your costs. If we do not hear from you within 30 days from the date of this letter, we will assume you no longer wish to pursue your request and we will administratively close the request.

Thank you for your interest in FEMA's programs and policies.

Sincerely,

Jeff Ovall
FOIA Specialist
Office of General Counsel

FEMA Fee Schedule (6 C.F.R. § 5.11). The following table sets out the DHS/FEMA Fee Schedule that FEMA uses to determine fees. If the cost is $14 or less, no fees are charged. The rates for managerial, professional and clerical search and review are assessed based upon the hourly wage of the personnel performing the work.

### FOIA Fee Schedule

| Activity | Rate | Commercial Use Requester | News Media, Educational Research, or Scientific Research Requester | Other Requester |
|---|---|---|---|---|
| (1) Managerial search | $41.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (2) Professional search | $28.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (3) Clerical search | $16.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (1) Managerial review | $41.00 per hour | Applies | Does not apply | Does not apply |
| (2) Professional review | $28.00 per hour | Applies | Does not apply | Does not apply |
| (3) Clerical review | $16.00 per hour | Applies | Does not apply | Does not apply |
| Duplication | $0.10 per page | Applies | Applies. No charge for first 100 pages | Applies. No charge for first 100 pages |
| Duplication costs—tape, CD ROM or diskette | Actual Cost | Applies | Applies | Applies |

# Complaint Exhibit 3

**FLORIDA LEGAL SERVICES, INC.**
**MIAMI ADVOCACY OFFICE**
3000 Biscayne Boulevard, Suite 450
Miami, Florida 33137
Telephone: 305-573-0092
Fax: 305-576-9664

VALORY GREENFIELD
MIRIAM HARMATZ
ARTHUR J. ROSENBERG
CHARLES F. ELSESSER
CULLIN O'BRIEN
ATTORNEYS

KENT R. SPUHLER
DIRECTOR

VIA CERTIFIED MAIL RRR

June 16, 2006

Headquarters Freedom of Information Act Officer
Federal Emergency Management Agency
500 C Street, S.W.
Washington D.C. 20472

In re:   Freedom of Information Act Request

Dear FEMA Freedom of Information Act Officer(s):

Please provide the undersigned requester, Florida Legal Services, Inc., a copy of the documents described below and in the following list.

For purposes of this request the terms "housing" or "premises" includes trailers, manufactured homes, hotel or motel rooms, and/or shelter space, and the term "termination" includes pre-termination preparatory, notification, or warning activities such as phone calls, personal visits, or meetings. The term "national disaster" is restricted to hurricanes or flooding in states bordering the Gulf of Mexico or states in the southeastern region of the United States. The documents sought and described in numbers #1 through #4 below are only those that applied to the 2004 and 2005 national disasters, those that apply or are intended to apply to 2006 national disasters, and any drafted or created, albeit not yet implemented, in anticipation of future national disasters.

1.   All national and regional policy memoranda, field guidelines, written instructions, electronic messages or memos, applicant guides, or the like, concerning the termination of housing provided by FEMA to victims of national disasters.

2.   Template or standard forms for the following documents: demand letter to surrender leased premises; notice of eviction from leased premises; legal complaint or administrative petition seeking eviction from leased premises; forms, letters, or notices advising individuals in

advance of actual eviction proceedings or warning individuals to prepare for leaving their leased premises.

3.  Any documents describing how FEMA creates housing termination guidances, memoranda, policies, instructions, including but not limited to notices and announcements published in the Federal Register.

4.  Any documents describing how FEMA creates standard or template housing termination forms such as, but not limited to: demand letters to surrender leased premises; notice of eviction from leased premises; legal complaint or administrative petition seeking eviction from leased premises; and forms, letters, or notices advising individuals in advance of actual eviction proceedings or warning individuals to prepare for leaving their leased premises.

5.  With respect to the documents identified in numbers #1 through #4 above, we request citations to Federal Register publication numbers or Government Printing Office document numbers for the foregoing documents, if any.

Pursuant to 6 C.F.R. 5.11(k) and 44 C.F.R. 5.43, the requester Florida Legal Services, Inc. (FLS) seeks a waiver and/or reduction of any fees associated with this request. Waiver is appropriate because FLS administers the Florida Pro Bono Coordinators Association, which partners with the Young Lawyers Division (YLD) of the Florida Bar to handle referrals of FEMA-funded disaster hotline callers that YLD is unable to assist through the hotline. As further justification for the fee waiver/reduction, the undersigned requester states as follows:

A.  The undersigned requester, Florida Legal Services, Inc., is a non-profit corporation which was formed in 1972 by The Florida Bar to act as a statewide focal point to expand the availability of legal assistance to the poor in Florida. FLS is a statewide, public interest law firm which supports the legal needs of poor people through legislative and administrative advocacy, impact litigation, policy analysis, training, and technical support including individual and group consultations as well as publication and dissemination of educational material. We confer and collaborate with more than twenty-five legal aid and legal services organizations throughout Florida who provide help to individuals seeking public assistance.

B.  Among our roles is the provision of educational and technical information to the advocates who serve the poverty community. We have over 30 years of expertise and experience in fulfilling this role. And consistent with the foregoing, FLS intends to disseminate the information sought to the legal services community throughout the state which will, in turn, disseminate the information to its client constituency affected by national disasters. Our efforts will reach a reasonably broad audience.

C.  The following statistics illustrate the broad public audience we regularly reach. We maintain at least two electronic list-serves with which we regularly share the sort of technical information we are seeking from FEMA, that is, information about government-subsidized housing after natural disasters. We intend to disseminate the information we receive from FEMA through these list-serves. Our disaster list-serve (FL_disaster_ group@yahoogroups.com) is comprised of fifty-one subscribers from about twenty-one different civil legal assistance or social service organizations serving victims of disasters. Our housing list-serve (Fl_housing_ umbrella_group @yahoogroups.com) is comprised of

.32 subscribers from about sixteen different civil legal assistance or social service organizations serving persons living in government subsidized shelters or housing.

D.    FLS' efforts reach an even broader audience through the follow-up work performed by the legal services programs to which we provide educational and technical information. Following the Florida hurricanes that took place in 2004 and 2005, the legal services and legal aid organizations in affected areas produced community education materials concerning national disasters based on information and publications originally produced by FLS. For example, the legal services program in Miami, Florida estimates that it distributed over 100 disaster-related flyers and brochures in 2005 and 2006 together. Flyers were distributed to case managers at homeless assistance centers serving hundreds of individuals and at community action agencies serving dozens of citizens each month. The staff of the Miami legal services program intends to conduct a disaster preparedness seminar for community agencies in late June and will share their materials with all attendees. Another example of the way FLS' efforts reach an even broader audience is the follow-up work performed by the legal services program serving Northwest Florida. The legal services program serving Northwest Florida estimates that, since and including 2004, it has distributed over 6500 disaster-related flyers. Staff has provided community education to over 30 community organizations that also serve individuals affected by the recent hurricanes. These organizations are encouraged to share information with their clients as well as others in the community.

E.    Our organization, Florida Legal Services, Inc., also maintains Web sites with pages devoted to official disaster information (http://www.floridalegal.org/Disaster.htm) (our disaster Web page)[1] and housing law information (http://www.fladvocate.org/housing/index.cfm). These two Web sites are accessible through the Internet and are thus available to the general public. Since the inceptions of the 2005 storm season, there have been 1891 hits to our disaster Web page at (http://www.floridalegal.org/Disaster.htm), 2,046 hits to our disaster community information flyers and 167 hits to the Florida Bar Foundation's Disaster Assistance Manual.

F.    The release of the information to FLS will benefit the general public because it will contribute significantly to public understanding of the operations and activities of FEMA. Currently, the general public knows that FEMA can terminate leases. Leasing of temporary housing is a critical operation and activity of FEMA. Nevertheless, the general public is unaware of the policies, procedures, and processes FEMA employs to terminate these leases. For example, the public does not know what sort of notice of termination FEMA provides nor how much advance notice is provided. In addition, the public does not what appeal rights the public has nor what appeal forums and processes are available to contest termination. The right to notice and appeal are fundamental rights and the public has a compelling interest in how FEMA comports with notions of fairness and due process.

G.    The lack of public knowledge is all the more true in the poverty communities served by legal services offices. The poor lack the kind of assets and resources that aid in individual

---

[1] Florida Legal Services is currently developing a new and improved Web site devoted to disaster which will be unveiled on or about July 1, 2006 for use by the general public, pro bono attorneys and legal services advocates.

recovery after a natural disaster. As a result, the poor depend to a greater extent on FEMA than the general public. The release of the information to FLS will benefit the indigent public even more than the general public, because it will contribute significantly to the understanding of the operations and activities of FEMA in poverty communities. Poverty enclaves have long-term established relationships with legal services lawyers and their social service affiliates. Legal services programs and affiliated social services are better at reaching their targeted constituents than government and public media. Poor people do not have the financial means to subscribe to newspapers and often lack television and radios. They are under-served by government because of fear, mistrust, and historic neglect and antipathy.

H.      FLS' interest in the information sought is non-commercial. FLS does not intend to re-sell the information nor will FLS receive any personal or commercial benefit from the disclosure of the information.

Please exercise your discretion to consider the cost-effectiveness of the investment of your administrative resources in the decision-making process concerning the granting of this fee waiver/reduction request and determining our use to be non-commercial.

Please notify us if the waiver/reduction is not granted. If the waiver/reduction is not granted, please additionally notify us in advance if the fees to be charged will be greater than $25.00. In any event, we understand that for a non-commercial use, the first 100 pages of duplication and the first two hours of search will be free of charge.

Thank you for your prompt attention to the above requests.

Sincerely,

VALORY GREENFIELD
CINDY HUDDLESTON
Staff Attorneys for
Florida Legal Services, Inc.

# Complaint Exhibit 4

U.S. Department of Homeland Security
500 C Street, SW
Washington, DC 20472

 FEMA

June 23, 2006

EXHIBIT

Valory Greenfield
Cindy Huddleston
Florida Legal Services, Inc.
3000 Biscayne Boulevard, Suite 450
Miami, FL 33137

RE:  Freedom of Information Act Request
       FOIA Case No.: 06-391

Dear Ms. Greenfield and Ms. Huddleston:

The U.S. Department of Homeland Security (DHS)/Federal Emergency Management
Agency (FEMA) acknowledges receipt of your Freedom of Information Act (FOIA)
request dated June 16, 2006. In your letter you requested a copy of the following records:

1) All national and regional policy memoranda, field guidelines, written instructions,
   electronic messages or memos, applicant guides, or the like, concerning the
   termination of housing provided by FEMA to victims;
2) Templates or standard forms for the following documents: demand letter to
   surrender leased premises; notice of eviction from leased premises; legal
   complaint or administrative petition seeking eviction from leased premises; forms,
   letters, or notices advising individuals in advance of actual eviction proceedings
   or warning individuals to prepare for leaving their leased premises;
3) Any docs describing how FEMA creates housing termination guidance,
   memoranda, policies, instructions, including but not limited to notices and
   announcements published in the Federal Register;
4) Any docs describing how FEMA creates standard or template housing termination
   forms such as, but not limited to: demand letters to surrender leased premises;
   notice of eviction from leased premises; legal complaint or administrative petition
   seeking eviction from leased premises, etc.;
5) With respect to the docs identified in numbers 1 through 4, request citations to
   Federal Register publication numbers or Government Printing Office document
   numbers for the foregoing documents, if any.

In addition to a request for records, you asked that we waive or reduce the fees incurred
for processing your request. The FOIA authorizes waiver of fees when it is determined
that such action is in the public interest because furnishing the information can be
considered as primarily benefiting the general public.

The Freedom of Information Reform Act of 1986 addresses the term "public interest" by including that fees should be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Public Law No. 99-570, section 1803, 100 Stat. 3207, 3207-50 (codified as amended at 5 U.S.C. section 552(a)(4)(A)(iii)(1994 & Supp. II 1996). In order to warrant a waiver or reduction of fees, the public understanding of the government operations or activities in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Your request for a fee waiver did not establish how provision of the subject records to you at public expense would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding.

Moreover, to receive a fee waiver, one must establish both an ability and intent to effectively distribute the requested information to the general public. Your request did not establish this ability or intent.

Consequently, your request for a fee waiver is denied.

You may appeal our determination to deny a fee waiver within 60 days from the date of this letter. Your appeal should include copies of your original request and this response, as well as a discussion of the reasons supporting your appeal. The envelope should be plainly marked to indicate that it contains a Freedom of Information Act appeal. If you decide to appeal, please send your appeal to:

> Freedom of Information Act/Privacy Act Appeals
> U.S. Department of Homeland Security
> 245 Murray Lane, SW, Building 410
> Washington, DC 20528

Each FOIA request must contain an agreement to pay certain costs for processing the records (6 CFR § 5.11). There are four categories of requesters: commercial use requesters; educational and non-commercial scientific institutions; representatives of the media; and all other requesters. Specific levels of fees are prescribed for each of these categories. We have determined that your request falls under the "commercial" category. Consequently, you will be responsible for search, review and duplication fees (see enclosed FOIA Fee Schedule).

In addition, the FOIA requires advance payment when estimated costs to process a request exceed $250. Because of the extremely broad scope of your request, we estimate

2

it will exceed $250 for processing. I am writing to ask you to narrow the scope of your request in order to reduce your fees.

Please contact us should you wish to pursue your FOIA request absent a fee waiver and are willing to pay fees that will exceed $25, and most likely well over $250. You may want to consider narrowing the scope of your request so as to reduce your costs. If we do not hear from you within 30 days from the date of this letter, we will assume you no longer wish to pursue your request and we will administratively close the request.

Thank you for your interest in FEMA's programs and policies.

Sincerely,

Jeff Ovall
FOIA Specialist
Office of General Counsel

3

FEMA Fee Schedule (6 C.F.R. § 5.11). The following table sets out the DHS/FEMA Fee Schedule that FEMA uses to determine fees. If the cost is $14 or less, no fees are charged. The rates for managerial, professional and clerical search and review are assessed based upon the hourly wage of the personnel performing the work.

## FOIA Fee Schedule

| Activity | Rate | Commercial Use Requester | News Media, Educational Research, or Scientific Research Requester | Other Requester |
|---|---|---|---|---|
| (1) Managerial search | $41.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (2) Professional search | $28.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (3) Clerical search | $16.00 per hour | Applies | Does not apply | Applies. No charge for first two hours of cumulative search |
| (1) Managerial review | $41.00 per hour | Applies | Does not apply | Does not apply |
| (2) Professional review | $28.00 per hour | Applies | Does not apply | Does not apply |
| (3) Clerical review | $16.00 per hour | Applies | Does not apply | Does not apply |
| Duplication | $0.10 per page | Applies | Applies. No charge for first 100 pages | Applies. No charge for first 100 pages |
| Duplication costs—tape, CD ROM or diskette | Actual Cost | Applies | Applies | Applies |

# Complaint Exhibit 5

**FLORIDA LEGAL SERVICES, INC.**
**MIAMI ADVOCACY OFFICE**
3000 Biscayne Boulevard, Suite 450
Miami, Florida 33137
Telephone: 305-573-0092
Fax: 305-576-9664

VALORY GREENFIELD
MRIAM HARMATZ
ARTHUR J. ROSENBERG
CHARLES F. ELSESSER
CULLIN O' BRIEN
**ATTORNEYS**

KENT R. SPUHLER
DIRECTOR

Via Certified Mail RRR

August 17, 2006

Freedom of Information Act (FOIA)/Privacy Act Appeals
U.S. Department of Homeland Security
245 Murray Lane, SW, Building 410
Washington, DC 20528

Re:     Freedom of Information Act Appeal
         Responsible Official – Jeff Ovall

Dear Sir or Madam:

      We are writing to appeal the agency's June 23, 2006 response to Florida Legal Services' (FLS) Freedom of Information Act request (FLS request attached as Exhibit A; agency response attached as Exhibit B). Please refer to our June 16, 2006 request which provides a detailed explanation of our ability, capacity, and intent to disseminate the information requested in order to significantly enhance public understanding of FEMA operations. In further support of our appeal, we set forth the following:

      (1) Statement of Appeal and Reasons – We are appealing the refusal to approve a fee waiver for the documents we have requested. Our FOIA request states that the general public understanding of FEMA operations or activities will be significantly increased by the requested records as compared to its current understanding. Specifically, the general public is currently unaware of the policies, procedures, and processes FEMA employs to terminate its leases. This has caused a great deal of confusion as individuals currently residing in FEMA housing look to move to more permanent housing.[1] For example, the public does not know what sort of notice of termination FEMA provides nor how much advance notice is provided. In addition, the public is unfamiliar with the appeal rights the public has and what appeal forums and processes are available to contest termination. Not only do individuals not understand the processes they must follow to avoid a termination of their FEMA housing, but even worse, they feel threatened by the unfamiliar bureaucracy and procedures.

--------------------------------------------------------

[1] Note composite Exhibit C attached. Composite Exhibit C consists of news articles posted on FLS' disaster website as evidence of the public's need for information of FEMA operations concerning shelter lease terminations.

1

Our goal in obtaining the requested information is to ensure that the public – in particular the undereducated, elderly, disabled and others who face extra barriers to understanding relatively complex procedures – becomes more knowledgeable about these processes so as to more effectively use the assistance provided to them. Because the general public has virtually <u>no</u> knowledge of lease termination procedures, our use of the information requested will <u>significantly</u> increase public understanding.

(2) Statement of Appeal and Reasons – We are appealing the refusal to recognize the ability and intent FLS has to effectively distribute the requested information to the general public. In terms of ability, Florida Legal Services, Inc. is a non-profit corporation which was formed in 1972 by The Florida Bar to act as a focal point to expand the availability of legal assistance to the poor in Florida. FLS is a statewide, public interest law firm which supports the legal needs of poor people through legislative and administrative advocacy, impact litigation, policy analysis, training, and technical support including individual and group consultations as well as publication and dissemination of educational material. We confer and collaborate with more than twenty-five legal aid and legal services organizations throughout Florida who provide help to individuals seeking public assistance. Among our principal roles is the provision of educational and technical information to the advocates who serve the poverty community. We have a historic and documented track record demonstrating our ability and intent to enhance public understanding of government-related matters via dissemination of educational information.[2]

FLS intends to disseminate the information sought to the legal services community throughout the state which will, in turn, disseminate the information to its client constituency affected by national disasters. In addition, FLS as well as other legal aid and legal services programs often collaborate with a variety of social services, faith-based, and community programs in disaster affected regions and, accordingly, will share information with them as well. Our efforts will reach a reasonably broad audience. FLS' interest in the information sought is strictly non-commercial. FLS does not intend to re-sell the information nor will FLS receive any personal or commercial benefit from the disclosure of the information.

Please review our original request in light of this appeal. We seek a determination that FLS is eligible for a fee waiver for the documents requested on the basis of our ability and intent to effectively distribute the requested information in order to significantly enhance the public understanding of FEMA operations.

Thank you for your careful consideration of this appeal and your responsive determination within the time provided under law.

Sincerely,

VALORY GREENFIELD
CINDY HUDDLESTON
Staff Attorneys for
Florida Legal Services, Inc.

F:vg/FEMA FOIA appeal

---

[2] Note Composite Exhibit D attached. Composite Exhibit D consists of the pathway from FLS' disaster website to public educational materials designed to inform 2004 hurricane victims of their notice and appeal rights when FEMA shelter leases terminate.

2

# Complaint Exhibit 6

U.S. Department of Homeland Security
Washington, DC 20528



# Homeland
# Security

August 28, 2006

Ms. Valory Greenfield
Florida Legal Services, Inc.
Miami Advocacy Office
300 Biscayne Boulevard, Suite 450
Miami, Florida 33137

Dear Ms. Greenfield:

On behalf of the Acting Associate General Counsel of the General Law Division at the
Department of Homeland Security's Office of the General Counsel we acknowledge your
Freedom of Information Act/Privacy Act appeal of the action taken by the Department of
Homeland Security, Emergency Preparedness and Response (EP&R)/Federal Emergency
Management Agency (FEMA), on your request for a fee waiver. For tracking purposes, we
have assigned your appeal number 06-163.

We make every effort to process appeals on a timely basis, but in order of receipt. There are a
number of appeals ahead of yours and so there may be some delay in adjudicating this
matter.  Nevertheless, we want to assure you that we will take action as soon as we can.

Sincerely,

Erica G. Perel, Esq.
General Law Division
Office of the General Counsel
U.S. Department of Homeland Security

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Florida Legal Services, Inc. | U.S. Department of Homeland Security |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Miami-Dade_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Morrison & Foerster LLP
2000 Pennsylvania Ave., NW, Suite 5500
Washington, DC 20006
(202) 887-1500

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
     Plaintiff

● 2 U.S. Government
     Defendant

○ 3 Federal Question
     (U.S. Government Not a Party)

○ 4 Diversity
     (Indicate Citizenship of
     Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil* | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ◉ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. 552. An action seeking an order compelling the Department of Homeland Security to provide documents requested under FOIA, etc.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  8/23/2007   SIGNATURE OF ATTORNEY OF RECORD  *Robert Loeffler*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.